UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MOHAMED ABDALLA MAHMOUD,<br><br>                    Plaintiff,<br>v.<br><br>STEVE SISOLAK, *et al.*,<br><br>                    Defendants. | Case No. 2:22-cv-00615-APG-VCF<br><br>ORDER ON MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF Nos. 19, 22) |

       In January 2023, I issued a screening order on the first amended complaint permitting plaintiff Mohamed Abdalla Mahmoud's claims for Fourteenth Amendment inadequate medical care and Eighth Amendment deliberate indifference to serious medical needs to proceed. ECF No. 10 at 10-11. Mahmoud now files duplicate motions seeking injunctive relief because he claims that prison officials took his legal books and documents—for this case and other cases—when they transferred him from Southern Desert Correctional Center (SDCC) to High Desert State Prison (HDSP). ECF Nos. 19, 22. Mahmoud requests that Brian Williams, the warden at HDSP, return the legal documents and books that the prison officials allegedly took from him during the transfer. *Id.* at 2.

      Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act (PLRA), preliminary injunctive relief must

be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

I deny Mahmoud's motions for injunctive relief without prejudice. Mahmoud has not alleged how he is likely to suffer irreparable harm in the absence of preliminary relief. Although he alleges that prison officials confiscated his documents, he has not alleged what documents they took that would cause him irreparable harm in this case. To the extent that prison officials confiscated documents that would cause Mahmoud irreparable harm in his other cases, he would need to file the appropriate motions in those cases. Although I deny Mahmoud's motions for preliminary injunction without prejudice, I will send him courtesy copies of the important documents docketed in this case.

I therefore deny Mahmoud's motions for injunctive relief (ECF Nos. 19, 22) without prejudice.

I further order the Clerk of Court to send Mahmoud courtesy copies of the following documents: (1) the screening order (ECF No. 10); (2) the first amended complaint (ECF No. 9); and (3) a copy of this order.

Dated: May 5, 2023

_____
U.S. District Judge